**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MORGAN BALLOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-23-GKF-CDL |
| | ) | |
| MARK ALLAN WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss [Doc. 6] of defendant Mark Allan Wells. For the reasons set forth below, the motion is granted in part and denied in part.

**I.   The Allegations**

Plaintiff Morgan Ballou alleges the following in her Complaint:

Ms. Ballou and Mark Allan Wells were in an intimate relationship from November 2016 to June 2017 and again from approximately April 2018 until February 2022. During their relationship, Ms. Ballou took intimate photographs of herself and shared them with Mr. Wells for his private enjoyment. Without Ms. Ballou's consent, Mr. Wells disclosed the photographs to third parties on three separate occasions, specifically, in September 2020, in the summer of 2022, and in February 2023.

Ms. Ballou asserts the following causes of action: (1) violation of 15 U.S.C. § 6851, Civil Action Relating to Disclosure of Intimate Images (CARDII); (2) copyright infringement; and (3) a state law claim for invasion of privacy.

Mr. Wells moves to dismiss the first two causes of action for failure to state a claim upon which relief can be granted and urges the court to decline supplemental jurisdiction over the state law claim.

## II. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court accepts as true all factual allegations and views them in the light most favorable to the non-movant. *Iqbal*, 556 U.S. at 678. "Dismissal is appropriate if the law simply affords no relief." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011).

## III. Analysis

Mr. Wells contends that Ms. Ballou fails to state a claim upon which relief may be granted under 15 U.S.C. § 6851 for two reasons.

First, Mr. Wells argues — and Ms. Ballou agrees — that 15 U.S.C. § 6851 does not apply retroactively before its effective date of October 1, 2022. Therefore, the alleged disclosures in September 2020 and "in the summer of 2022" are not actionable. The motion is granted with respect to those disclosures.

Second, Mr. Wells asserts that Ms. Ballou fails to state a claim regarding the alleged disclosure in February 2023 because showing an image on the screen of a cellular phones does not satisfy the "interstate or foreign commerce" requirement contained in § 6851(b)(1)(A). In response, Ms. Ballou contends that Mr. Wells "us[ed] any means or facility of interstate or foreign

commerce," when he disclosed the intimate visual depiction of Ms. Ballou on the cell phone thus satisfying a necessary element of the claim.

The issue, then, is whether using a cell phone to disclose intimate photographs to third parties in person constitutes a disclosure "using any means or facility of interstate or foreign commerce."

As a preliminary matter, there is no question that cell phones are instrumentalities of interstate commerce. *United States v. Means*, 297 F. App'x. 755, 759 n.5 (10th Cir. 2008) (unpublished); *see also United States v. Morgan*, 748 F.3d 1024, 1033 n.11 (10th Cir. 2014); *United States v. Willoughby*, 742 F.3d 229, 240 (6th Cir. 2014); *United States v. Mandel*, 647 F.3d 710, 716 (7th Cir. 2011); *United States v. Evans*, 476 F.3d 1176, 1180 (11th Cir. 2007); *United States v. Giordano*, 442 F.3d 30, 40 (2d Cir. 2006); *United States v. Clayton*, 108 F.3d 1114, 1117 (9th Cir. 1997).

Ms. Ballou points the court to nonbinding case authority in which a federal district court in New Mexico held that 15 U.S.C. § 6851 "permits a plaintiff to recover when the defendant discloses the visual depiction using an instrumentality *of* interstate or foreign commerce, it does not matter whether the defendant also disclosed the depiction *in* interstate or foreign commerce. In other words, Defendants' (apparently) purely intrastate disclosure of the subject video by using a cell phone satisfies the interstate or foreign commerce requirement of the statute." *Doe v. McCoy*, 2024 WL 843908, at *4 (emphasis in original) (internal citation and quotation omitted). In contrast, Mr. Wells cites *United States v. Chavarria*, 2023 WL 3815203, at * 6 (D.N.M. June 5, 2023), for the proposition that Congress has not indicated an intent to assert Commerce Clause authority over in-person showings of personal device screens occurring entirely intrastate.

3

However, *Chavarria* is of little assistance here, as "there [were] no allegations regarding the use of a cell phone." *Id*.

Here, Ms. Ballou alleges that in February 2023, Mr. Wells used his cell phone, a means and instrumentality of interstate commerce, to show Ms. Ballou's intimate photographs to a third party without Ms. Ballou's consent. In addition, Ms. Ballou alleges she "shared" the photographs with Mr. Wells, and he then used his cell phone to show the photographs to a third party, A.S. Although Ms. Ballou does not specifically allege how she shared her photographs with Mr. Wells, she alleges that Mr. Wells then used his cell phone to disclose the photographs to A.S. It may be reasonably inferred that Ms. Ballou sent the photographs to Mr. Wells' cell phone. Based upon this inference, Ms. Ballou adequately alleges that Mr. Wells used a means or facility of interstate commerce to effectuate the February 2023 disclosures by receiving photographs via cellular networks and using his cell phone to show the photographs to A.S.

The court concludes that Ms. Ballou has adequately stated a claim upon which relief can be granted under 15 U.S.C § 6851 with respect to the February 2023 disclosure.

In her response, Ms. Ballou states she wishes to abandon her claim for copyright infringement. Therefore, the motion to dismiss is granted as to the second cause of action.

As for Ms. Ballou's state law claim for invasion of privacy, the motion to dismiss is denied.

### IV.   Conclusion

WHEREFORE, the Motion to Dismiss [Doc. 6] of defendant Mark Allan Wells is granted in part and denied in part.

IT IS SO ORDERED this 22nd day of May, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE